UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WHITEHURST,<br><br>    Plaintiff,<br><br>    v.<br><br>CVS PHARMACY,<br><br>    Defendant. | Case No. 13-cv-05932-JSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 6, 24 |

Richard Whitehurst, proceeding pro se, brings this action alleging that Defendant CVS failed to accommodate him due to his physical disability and race in violation of the Americans with Disabilities Act and various California state laws. (Dkt. No. 1.) Before the Court is Defendant's motion to dismiss and to impose sanctions on Plaintiff, arguing that his complaint is barred by the doctrine of res judicata and fails to state a claim. (Dkt. No. 6.) Plaintiff opposes Defendant's motion (Dkt. No. 22) and cross-moves for sanctions (Dkt. No. 24). Upon consideration of the papers submitted by the parties and the arguments at a hearing held on March 20, 2014, the Court GRANTS Defendant's motion to dismiss and DENIES each party's motion for sanctions.

**FACTUAL & PROCEDURAL BACKGROUND**

This is Plaintiff's fourth suit against CVS in two and a half years. The first two were filed in the United States District Court for the Central District of California. Plaintiff withdrew his claims against CVS in the first case by omitting it as a defendant in the amended complaint (Dkt. No. 6-2 at 2, 42), and voluntarily dismissed the second case (*id.* at 82).[1] The third was filed in this

---

[1] The Court grants Defendant's request for judicial notice of the court records and orders (Dkt. No. 6-1) because "those proceedings have a direct relation to the matters at issue." *United States ex. rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th

district and assigned to Judge White, who transferred it to the Central District because, in dismissing Plaintiff's second case, Judge Guilford of the Central District ordered that "if the claims made in his case are ever reasserted in another case, they must be brought before this Court." (Dkt. 6-3 at 22). Plaintiff's third complaint alleged that CVS and three particular CVS locations in Oakland, San Francisco, and Long Beach refused to fill his prescription because he is "a person of color, Disabled, and is a Senior Citizen," (Dkt. 6-3 at 2 ("Central District action") at ¶ 18.) Concluding that Plaintiff failed to state a claim under the Unruh Civil Rights Act, the Civil Rights Act of 1964 and 1991, the Americans with Disabilities Act or for fraud, intentional infliction of emotional distress, or conspiracy, Judge Guilford granted defendants' motion to dismiss without leave to amend and entered judgment for defendants. (Dkt. 6-3 at 44, 46); *see also Whitehurst v. CVS Pharm.*, No. CV 13-6275(ANx), 2013 WL 6086905, at *4-5 (C.D. Cal. Nov. 18, 2013).

About a month later, in December 2013, Plaintiff filed the present action, alleging that Defendant refused to fill his prescriptions at three locations "because Plaintiff is Black, Senior Citizen, and handicapped." (Dkt. No. 1 at 9). In particular, Plaintiff states that a CVS located in Oakland told him that it did not have the medications to fill his five prescriptions, but filled prescriptions for two of those medications for a white female. (*Id.* at 7-8.) In addition, when he tried to fill his prescriptions at a CVS located in San Francisco, the clerk used a racial epithet and explained that no CVS Pharmacy would fill any prescriptions for him because he had filed a civil rights complaint against the company and because he was black. (*Id.* at 8.) Plaintiff also alleges that he finds it difficult to reach the top shelves at CVS due to his disability. (*Id.* at ¶ 20.)

Plaintiff's Complaint brings causes of action under (1) the Americans with Disabilities Act; (2) the California Disabled Persons Act, California Civil Code section 54; (3) the Unruh Civil Rights Act, California Civil Code section 51; (4) California Health & Safety Code section 19955; (5) the Unfair Business Practices Act, California Business and Professions Code section 17200; and (6) California Civil Code section 3345. (Dkt. No. 1.) In addition, Plaintiff brings claims for

---

Cir. 1992); see also Fed. R. Evid. 201.

negligence and intentional and negligent infliction of emotional distress. (*Id.*) Defendant moves to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) and for sanctions.

## DISCUSSION

Defendant argues that Plaintiff's claims are barred by res judicata because Judge Guilford dismissed them on the merits in Plaintiff's third suit against Defendants. In the alternative, Defendant asserts that Plaintiff's complaint should be dismissed for Plaintiff's failure to comply with Judge Guilford's Order to file any such claims before that court.

### A.   Plaintiff's Complaint is Barred by Res Judicata

Res judicata bars the relitigation of a claim "where there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1141 (9th Cir. 2013). Two of these factors are easily met. First, Plaintiff and Defendant were both parties to the Central District action. (Dkt. 6-3 at 2.) Second, Judge Guilford's dismissal of that case without leave to amend constitutes a final judgment on the merits. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002).

Third, to determine whether the present action concerns the same claims as the prior litigation, the Court considers "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal quotation marks and citation omitted). The last of these is the most important. *Id.* Indeed, satisfaction of the fourth factor alone is sufficient to find an identity of claims without an analysis of the other factors. *See Int'l Union of Operating Eng'rs–Employers Constr. Indus. Pension, Welfare and Training Trust Funds v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993) (citing cases finding successive claims barred by res judicata based solely on analysis of the fourth factor). "Whether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and whether they could be conveniently tied together." *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d. 960, 968 (9th Cir. 2010).

United States District Court
Northern District of California

Plaintiff's Complaint alleges Defendant refused to fill his prescriptions "because Plaintiff is Black, Senior Citizen, and handicapped." (Dkt. No. 1 at 9.) Plaintiff's specific factual allegations that two CVS locations refused to fill his prescriptions amounts to a claim of race discrimination, just like his complaint in the Central District action. *See* Dkt. No. 1 at 7-8. Plaintiff does not dispute that this Complaint alleges race discrimination once again. Instead, Plaintiff relies on the argument that the Central District action did not allege violations of the California Disabled Persons Act, California Civil Code section 54; the Unruh Civil Rights Act, California Civil Code section 51, California Health & Safety Code section 19955, or California Civil Code section 3345. However, Plaintiff "cannot avoid the bar of res judicata merely by alleging conduct by the defendant not alleged in his prior action or by pleading a new legal theory." *McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986). The inclusion of new claims is irrelevant because the basis of his claims—race discrimination—is the same. Plaintiff also contends this Complaint involves three CVS locations not listed in Central District complaint. (Dkt. No. 22 at 18.) Nevertheless, the Court cannot find that these are new claims that arose after the dismissal of his prior complaint on November 18, 2013, because Plaintiff does not state when the incidents at each of these locations occurred. Again, he filed this action less only one month after dismissal of the Central District action. Finally, alleging he was told that no CVS would fill Plaintiff's prescriptions because he had filed a civil rights complaint against the company, Plaintiff seems to suggest CVS's conduct is retaliatory, but he cites no law prohibiting such conduct.

Because the Central District case involved the same parties and claims and resulted in a final judgment on the merits, Plaintiff's Complaint is barred by the doctrine of res judicata.

**B.    The Court Declines to Impose Sanctions**

Defendant asks the Court to impose sanctions on Plaintiff under Federal Rule of Civil Procedure 11 to deter Plaintiff from continuing to file claims against CVS that he knows to be meritless, and to issue an order requiring Plaintiff to seek leave of court before filing future lawsuits. In support of its motion, Defendant cites to a PACER record of 220 cases Plaintiff has filed in this District since 2003, in addition to 44 in the Eastern District and 26 in the Central District. (Dkt. No. 6-6 at 4-10.) The Court finds that monetary sanctions are not appropriate here,

and Defendant does not adequately demonstrate the need for imposing a pre-filing order, which the Ninth Circuit has cautioned is "an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Given that more than 200 of the cases Plaintiff filed in this District date were filed in 2003 and less than ten were filed in the last 5 years, the Court concludes that the sanction is not warranted at this time.

Plaintiff's motion for sanctions must also be denied because Defendant's motion to dismiss is in no way procedurally or legally improper, and, as indicated by the Court's conclusion, is well founded.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss without leave to amend and DENIES both parties' motion for sanctions.

**IT IS SO ORDERED.**

Dated:   April 4, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge